# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LL FUNDS ADMINISTRATIVE AGENT, LLC<br><br>Plaintiff,<br><br>-against-<br><br>FIFTH THIRD BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 1:24-cv-05496-LGS<br><br>[PROPOSED] PROTECTIVE ORDER |

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

LORNA G. SCHOFIELD, U.S.D.J.

Dated: November 19, 2024
New York, New York

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

1

      a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins), trade secrets and other competitive commercial information;

      b.    previously nondisclosed material relating to ownership or control of any non-public company;

      c.    previously nondisclosed business plans, product development information, or marketing plans;

      d.    any information of a personal or intimate nature regarding any individual; or

      e.    any other category of information hereinafter given Confidential status by the Court.

      3.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the Confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. A producing person and/or that person's counsel may also designate portions of a deposition transcript confidential within 14 days after receipt of the deposition transcript. Such designation

must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked Confidential at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be Confidential under this Order without further designation.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the parties to this action, as well as their employees, directors, officers, or managers;

    b. counsel retained specifically for this action, including any paralegal, clerical and/or other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      e.      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f.      stenographers engaged to transcribe depositions conducted in this action; and

      g.      the Court and its support personnel.

6.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall produce a copy of the executed Non-Disclosure Agreement to opposing counsel upon request.

7.      Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

8.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford Confidential treatment any Discovery Material introduced in evidence at trial,

even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford Confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this action, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The

motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including any appeals, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford Confidential treatment to information that the parties have redacted, sealed or designated as Confidential.

**SO STIPULATED AND AGREED.**

Dated: November 18, 2024

| | |
|---|---|
| /s/ Nathaniel Lampley, Jr. | /s/Wendy H. Schwartz |
| Michael E. Sims | **BINDER & SCHWARTZ LLP** |
| Zeichner Ellman & Krause LLP | Wendy H. Schwartz |
| 730 Third Avenue | Lauren K. Handelsman |
| New York, NY 10017 | Sarah Dowd |
| Telephone: (212) 826-5328 | Amy C. Torres |
| Email: MSims@zeklaw.com | 675 Third Avenue, 26th Floor |

6

Nathaniel Lampley, Jr.
Victor A. Walton
Jacob D. Mahle
Wesley R. Abrams
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Telephone: (513) 723-8589
Email: nlampley@vorys.com
Email: vawalton@vorys.com
Email: jdmahle@vorys.com
Email: wrabrams@vorys.com

*Counsel for Defendant Fifth Third Bank, National Association*

New York, NY 10017
(212) 510-7008
wschwartz@binderschwartz.com
lhandelsman@binderschwartz.com
atorres@binderschwartz.com
sdowd@binderschwartz.com

*Counsel for Plaintiff LL Funds Administrative Agent, LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LL FUNDS ADMINISTRATIVE AGENT,<br><br>      Plaintiff,<br><br>    -against-<br><br>FIFTH THIRD BANK, NATIONAL ASSOCIATION<br><br>      Defendant. | Case No. 1:24-cv-05496-LGS<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____      _____