UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LL FUNDS ADMINISTRATIVE AGENT, LLC,                         :
                                    Plaintiff,   :        24 Civ. 5496 (LGS)
                                                            :
                -against-                                :        ORDER
                                                            :
FIFTH THIRD BANK, N.A.,                                     :
                                   Defendant.   :
                                                            :
------------------------------------------------------------X
LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties move to seal various documents filed in connection with the parties' pre- and post-trial memoranda of law and trial transcript.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents. They are: (1) Defendant's pre-trial memorandum of law and supporting declarations; (2) Plaintiff's pre-trial memorandum of law and supporting declaration; (3) Defendant's post-trial memorandum of law and support declarations; Plaintiff's post-trial memorandum of law and support declarations; and the transcript from the March 3, 2025, bench trial. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. Transcripts of court proceedings "are plainly judicial documents as their review is necessary for the Court's evaluation" of the parties' claims. *O'Connor-Roche v. RBC Cap. Markets, LLC*, No. 22 Civ. 1467, 2022 WL 769329, at *1 (S.D.N.Y. Mar. 14, 2022); *see Fossil Grp., Inc. v. Angel Seller LLC*, No. 20 Civ. 2441, 2022 WL 3347219, at *2 (E.D.N.Y. Aug. 12, 2022) (finding a hearing transcript to be judicial document). Documents submitted in connection with the parties' pre- and post-trial memoranda are judicial documents because they "call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

WHEREAS, "while evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that play only a negligible role in the performance of Article III duties are accorded only a low presumption that amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 49-50. "Documents submitted in connection with trial or summary judgment are entitled to the highest presumption of public access." *Carbon Inv. Partners, LLC v. Bressler*, No. 20 Civ. 03617, 2020 WL 5441497, at *3 (S.D.N.Y. Sept. 10, 2020). Here, the parties' pre- and post-trial memoranda of law and trial transcript are entitled to a strong presumption of public access because they concern the March 3, 2025, bench trial and are relevant to the Court's adjudication of the parties' claims. *See Fossil Grp., Inc.*, 2022 WL 3347219, at *3 (E.D.N.Y. Aug. 12, 2022) (affording "significant weight to presumptive right of access" regarding court hearing transcript).

WHEREAS, "protecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120. "[V]ague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are [b]road, general, and conclusory [allegations] . . . insufficient to justify sealing." *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019).

WHEREAS, both parties' letters state that the proposed redactions concern confidential information related to settlement discussions and mediation between Defendant and a coalition

3

of state attorneys general (the "AG Coalition"). A review of the proposed redactions confirms that representation.

WHEREAS, where the parties seek to redact specific information about Defendant's confidential mediation and settlement discussions with the AG Coalition, the proposed redactions must be narrowly tailored to outweigh the presumption of access accorded to these filings. The parties' motions to seal propose limited redactions to specific information within the documents. It is hereby

**ORDERED** that the sealing motions at Dkt. Nos. 56, 60, 68, 80, 83, 86 and 87 are **GRANTED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 56, 60, 68, 80, 83, 86 and 87.

Dated: August 7, 2025
      New York, New York

                                                LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE